Klingsberg *v.* Klingsberg, Appellant.

Argued September 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Michael Klingsberg,* appellant, in propria persona.

*Myron Jacoby,* with him *Jacoby, Stern & Maxmin,* for appellee.

OPINION BY ARNOLD, J., November 14, 1950:

This action of divorce was brought by the wife against her husband, and was referred to a master who patiently permitted the taking of 300 pages of testimony. The defendant insisted upon representing himself and the master, understandingly, granted him the greatest latitude both in his own evidence and in the cross-examination of witnesses called against him.

A divorce was recommended on the grounds of cruel and barbarous treatment and indignities to the person; the court below dismissed exceptions and entered a decree; and the defendant appealed.

The questions raised by the defendant, with one exception, all turn on the credibility of the witnesses.

We have made an independent examination of the testimony, as did the court below, and we are convinced the correct decision was reached. The weight of the evidence was distinctly with the plaintiff. There is no necessity to detail the evidence which leads unerringly to this conclusion. The defendant was guilty of a course of conduct humiliating and embarrassing to the plaintiff,—and this in the presence of their relatives and friends. There were false accusations of infidelity, repeated examples of vile and vulgar language and extreme disrespect for the plaintiff and her family. There were threats against her life, accompanied with the display of a loaded gun, and a number of acts of physical violence. We are also of the opinion that it was not genteel for the defendant to get drunk at the funeral of his mother-in-law. Neglect, disdain, settled hate and calumny all were present. Plaintiff's health was affected, requiring medical care for years. In most of these matters the defendant did not deny the allegations, but merely contended that they were provoked by the plaintiff.

The other contention on this appeal is that the court should have granted a jury trial. No such request was made until after all of the testimony had been taken. The record shows that no useful purpose would have been served by its allowance. The matter was within the discretion of the court below and there was no abuse of discretion. The defendant received a trial which was more than fair, and nothing justifies either this appeal or the reversal of judgment.

Decree affirmed.